UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

ARTHUR LOPEZ,
Plaintiff,
v.
UNITED STATES OF AMERICA, et al.,
Defendants.

Case No.: 26-cv-3652-BJC-AHG

**ORDER:**

**(1) GRANTING APPLICATION TO PROCEED IN FORMA PAPUERIS; AND**

**(2) DISMISSING CASE WITHOUT PREJUDICE**

On June 22, 2026, Plaintiff Arthur Lopez, proceeding *pro se*, filed a Complaint, ECF No. 1, along with a motion to proceed *in forma pauperis*, ECF No. 2, a motion to appoint counsel, ECF No. 3, a motion for leave to electronically file, ECF No. 4, and a "request to file supplement to complaint." ECF No. 5. For the following reasons, the Court **GRANTS** Plaintiff's motion to proceed IFP, **DISMISSES** the Complaint without prejudice, and **DISMISSES** the other motions as moot.

## I. MOTION TO PROCEED IFP

All parties instituting any civil action, suit, or proceeding in a district court of the

United States, except an application for writ of habeas corpus, must pay a filing fee of $402.00. *See* 28 U.S.C. § 1914(a); Civ.L.R. 4.5. A court may authorize the commencement of a suit without prepayment of fees if the plaintiff submits an affidavit, including a statement of all their assets, showing that they are unable to pay the fees. See 28 U.S.C. § 1915(a).

Plaintiff has submitted an application to proceed in district court without paying the filing fee. ECF No. 2. The application reflects that Plaintiff's source of income is social security benefits in the amount of $1,365 per month. *Id.* at 2. Plaintiff further reports maintaining $1 in a savings account. *Id.* at 3. Plaintiff's only reported assets are two vehicles: (1) a 2008 Lexus with a $15,000 lien, and (2) a 1999 Buick valued at $5,000. *Id.* at 3. His total monthly expenses are listed as $1 ,365. *Id.* at 5. In light of Plaintiff's limited income and modest financial resources, the Court finds that he lacks sufficient funds to pay the filing fee while still "afford[ing] the necessities of life. See *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Accordingly, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

**SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)**

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoner"); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). To proceed with an action in federal court, a plaintiff must establish that the court has subject matter jurisdiction. There are two types of subject matter jurisdiction – federal question jurisdiction and diversity jurisdiction. *Tesla Motors,*

*Inc. v. Balan*, 134 F.4th 558, 560 (9th Cir. 2025).

Federal Rule of Civil Procedure 8 requires a complaint to "contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. Courts have a duty to construe *pro se* pleadings liberally. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*) (noting that courts hold *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers"). However, "a liberal interpretation of a [*pro se*] complaint may not supply essential elements of the claim that were not initially pled." *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

To the extent Plaintiff is asserting claims under federal law, he must plead a colorable claim "arising under" the Constitution or laws of the United States to invoke federal question jurisdiction pursuant to 28 U.S.C. Section 1331. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question appears on the face of the plaintiff's complaint. *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020).

Plaintiff's Complaint does not clearly identify the claims he seeks to assert, and the allegations are difficult for the Court to discern. See ECF No. 1 at 2–35. The Complaint begins with a statement that is difficult to follow:

> In this case Co-Defendant United States has been complicit with co-defendants targeting Plaintiff to inflict harm emotional distress, wrongful acts and omissions. In one instance discovered approximately May 18, 2025 that a request for extension of time, to file a petitioner for writ of certiorari related to Florida Supreme Court civil case # 2025-0024. . . was not registered docketed, locatable and as such the Supreme Court of the United States would not have jurisdiction and Plaintiff has lost his claims for relief seeking $20,000,000.

*Id.* at 2.

The allegations that follow are similarly difficult to understand and do not clearly identify a cognizable federal claim. For example, on page 9, Plaintiff continues "[i]n fact, at center of the trial . . . [was] the crash landing of a commercial airlines with 140 passengers on board that originated from prostitution haven …" *Id.* at 9. Further, on page 15, Plaintiff alleges that, "[i]n December of 2015 Christopher Leo as assigned County of Orange Public Defender in no uncertain terms conveyed to plaintiff that everyone at the court 'hated plaintiff.'" *Id.* at 15. Plaintiff continues to allege that "[t]he defendants have colluded to persecute plaintiff for not participating in their corruption schemes involving even the Catholic Church." *Id.* at 20.

As currently pled, the Complaint fails to assert a colorable claim "arising under" the Constitution or laws of the United States to invoke federal question jurisdiction pursuant to 28 U.S.C. Section 1331. *Arbaugh v. Y&H Corp.*, 546 U.S. at 513. For the foregoing reasons, Plaintiff's application to proceed *in forma pauperis* is **GRANTED**. ECF No. 2. The Complaint is **DISMISSED WITHOUT PREJUDICE**. ECF No. 1. Because there is not an operable complaint, the motion to appoint counsel, ECF No. 3, motion for leave to electronically file documents, ECF No. 4, and "request to file supplement to complaint, ECF No. 5, are **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: August 19, 2026

Honorable Benjamin J. Cheeks
United States District Judge